UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CIV 3790**

----------------------------------------------------------------X Case No.

YOLANDA KNOX, on behalf of herself individually
and all others similarly situated

                    Plaintiff,      **CLASS ACTION COMPLAINT**

      -against-

CARDWORKS SERVICING, LLC.

                    Defendant.
----------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a foreign limited liability company incorporated in Delaware. Defendant uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5. That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at a time within the knowledge of defendant, defendant began collecting a consumer debt allegedly incurred by plaintiff for personal purposes to Merrick Bank Corporation ("Merrick Bank").

7. That said debt was alleged by Merrick Bank to be in default.

8. That defendant sent more than one collection letter to plaintiff.

9. That one such letter sent by defendant to plaintiff is dated February 27, 2012.

10. That the said February 27, 2012 letter offered plaintiff two payment options. The first payment option is a lump sum settlement offer for a specified sum. The second payment option is termed in the letter as an "Extended Offer (pay over time)" settlement offer.

11. That said Extended Offer invited plaintiff to make a payment of a specified sum every 30 days for 36 months.

12. That said letter goes on to state in pertinent part:

"Failure to make the agreed upon monthly payments will void this offer, and the current balance will be owed in full...If payments are not made on or before the dates identified above, CardWorks Servicing will resume its attempts to collect the full balance owed and the payment arrangement described in this offer will no longer be honored."

13. That defendant's letter fails to inform plaintiff that, even if plaintiff defaults, defendant must credit plaintiff's account with any payments that plaintiff may have already made.

14. That defendant's letter ought to have informed plaintiff that plaintiff's failure to make all agreed-upon monthly payments would void the offer and the current balance would be owed in full, *minus any amounts paid by plaintiff*.

15. That defendant's letter ought to have further informed plaintiff that if payments are not made on or before the dates identified, defendant would resume its attempts to collect the full balance owed, *minus any amounts paid by plaintiff*.

16. That instead, defendant's letter gave plaintiff the impression that if plaintiff missed a payment she would be liable for the full balance alleged to be owed, notwithstanding that she may have already made some payment towards the account.

17. That the above-quoted statements from defendant's letter are therefore deceptive and misleading and constitute a violation of the FDCPA, §§1692e and 1692e(10).

18. That defendant has also falsely represented the character, amount and legal status of the debt by implying in its letter to plaintiff that plaintiff would not be given any credit for payments made and that she would be liable for the full balance due if she defaulted in a payment. Said representation is a violation of the FDCPA,

§1692e(2)(A).

## AS AND FOR A SECOND CAUSE OF ACTION

19.     That plaintiff re-alleges paragraphs 1 to 18 as if fully re-stated herein.

20.     That the said February 27, 2012 letter of defendant states that the settlement offers expire April 30, 2012 in two separate instances, but in a third instance in the same letter, defendant states that plaintiff's lump sum settlement payment must be made "prior to the expiration date of April 30, 2012".

21.     That said statements were confusing to plaintiff as she did not know whether the settlement offers would remain open until the close of business on April 30, 2012 or whether the offers would be rescinded at some date prior to April 30, 2012.

22.     That, indeed, it was confusing to plaintiff that the expiration date of the offers was stated to be April 30, 2012, yet defendant was insisting in its letter that the lump sum payment must be made *before* the expiration date or else it would not consider the account settled in full.

23.     That defendant's said contradictory, confusing and deceptive statements regarding the expiration date therefore constitute a violation of the FDCPA, including but not limited to §§1692e and 1692e(10).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYGBL §349

24. That plaintiff re-alleges paragraphs 1 to 23 as if fully re-stated herein.

25. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

26. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to the one sent to plaintiff.

27. That plaintiff is a reasonable consumer within the meaning of NYGBL §349.

28. That defendant's collection letter is deceptive and misleading to the reasonable consumer, in that it does not state that the consumer would be given credit for payments already made, even if the consumer later defaults.

29. That defendant's collection letter is deceptive and misleading for the further reason that it contains contradictory and confusing statements as to exactly when the deadline for payment would be if the consumer desired to take advantage of the settlement offers.

30. That plaintiff was confused and deceived as a result of defendant's said statements in its letter.

31. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

32. That plaintiff re-alleges paragraphs 1-31 as if fully re-stated herein.

33. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing defendant's letterhead in substantially the same form as the letter sent to plaintiff dated February 27, 2012; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10).

> The Class shall be defined as follows: *All natural persons to whom were sent by defendant at an address within the United States on behalf of Merrick Bank Corporation a notice for the collection of a consumer debt, which notice contains one or more settlement offers and contains either or both of the following statements, in sum or substance:*
>
> *" Failure to make the agreed upon monthly payments will void this offer, and the current balance will be owed in full"* or
>
> *"If payments are not made on or before the dates identified above, CardWorks Servicing will resume its attempts to collect the full balance owed."*

The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

34. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by sending collection letters which improperly imply that consumers would not be given credit for any payments made on an account, even if they later default, in violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)   Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

35.   That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

36.   That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(1)(A) or 23(b)(3) of the Federal Rules of Civil Procedure.

37.   That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

38.   That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

(e) enjoining defendant from committing further deceptive acts and practices against plaintiff pursuant to NYGBL §349;

(f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
May 3, 2012.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com